Richard C. Norton, Esq. (Cal. Bar No. 135024)
NORTON MOORE & ADAMS, LLP
501 West Broadway, Suite 800
San Diego, California 92101
Telephone: (619) 233-8200
Facsimile: (619) 393-0461

Attorneys for Gerald H. Davis, Chapter 7 Trustee
for the bankruptcy estate of In re Rampage88, Inc,
U.S.B.C., S.D., Cal., Case No. 22-00128-LT7

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | CASE NO. 21-03800-LA7 |
| RCG RESOLUTION TRUST, | **DECLARATION OF RICHARD C. NORTON IN SUPPORT OF MOTION TO REOPEN BANKRUPTCY PROCEEDING** |
| Debtor. | |
| | Judge: Honorable Louise D. Adler Dept. 2 |

I, Richard C. Norton, declare as follows:

1.      I am an attorney at law and a member of the bar of this court.  I am duly licensed to practice law before this court and all courts in the State of California.  I am a partner in the law firm Norton Moore & Adams, LLP ("the Firm"), and represent Gerald H. Davis, Chapter 7 trustee for the bankruptcy estate of In re Rampage88, Inc., U.S.B.C., S.D., Cal., Case No. 22-00128-LT7. All information contained herein is within my personal knowledge and if called as a witness, I could and would competently testify thereto.

2.      I am informed and believe on August 24, 2018, certain residential real property located at 3202 Elliott Street, San Diego, California, 92106 (hereinafter the "Elliott Property"), was acquired by R. Creig Greaves, Trustee of the RCG Resolution Trust (the "RCG Trust").

3.      On August 24, 2018, a Deed of Trust was recorded on the Elliott Property with the San Diego County Recorder's Office, Doc# 2018-0349315, to secure a promissory note in the principal amount of $600,000.00 ("Note") in favor of Baxter Hallaian and Jacqueline C. Hallaian, Trustees of the Baxter Hallaian Family Trust dated August 21, 1981 (hereinafter the "Hallaian Trust Deed").

4.      On October 25, 2019, the RCG Trust filed with the U.S. Bankruptcy Court for the Southern District of California, as Case No. 19-06444-LA11 a petition for relief pursuant to the provisions of Chapter 11 of Title 11, United States Bankruptcy Code (hereinafter the "RCG Trust Chapter 11 proceeding").

5.      On January 17, 2020, the bankruptcy court entered an order dismissing the RCG Trust Chapter 11 Proceeding confirming "[i]n the Tentative Ruling, the Court granted the Motion to Dismiss, determining that the 'Debtor is ineligible to be a debtor in Ch. 11 per 11 USC 109 and 1112(b)."

6.      On April 2, 2020, a Deed of Trust was recorded on the Elliott Property with the San Diego County Recorder's Office, Doc# 2020-0170266, to secure a promissory note in the principal amount of $221,000.00, in favor Klaus Frederic (hereinafter the "Frederic Trust Deed").

7.      On May 14, 2021, a Notice of Default and Election to Sell Under Deed of Trust was recorded with the San Diego County Recorder's Office, Doc # 2021-0372870, on the Elliott Property declaring a default under the Frederic Trust Deed (hereinafter the "Frederic Notice of Default").

8.      On September 7, 2021, a Notice of Trustee's Sale Under Deed of Trust was recorded with the San Diego County Recorder's Office, Doc # 2021-0632640, on the Elliott Property by Klaus Frederic (hereinafter the "Frederic Notice of Trustee Sale").

9.      On September 27, 2021, the RCG Trust filed with this Court a petition for relief pursuant to the provisions of Chapter 7 of Title 11, United States Bankruptcy Code, entitled *In re RCG Resolution Trust*, U.S.B.C., S.D., Cal., Case No. 21-03800-LA7 (hereinafter the "First Chapter 7 RCG Bankruptcy Proceeding").

10.     On October 12, 2021, the RCG Trust listed the Elliott Property on its bankruptcy schedules filed in the First Chapter 7 RCG Bankruptcy Proceeding.

11.     I am informed and believe that on January 11, 2022, Rampage88, Inc., was incorporated under the laws of the State of California (hereinafter "Rampage88").

12.     On January 14, 2022, a Quitclaim Deed was recorded for zero consideration with the San Diego County Recorder's Office, Doc # 2022-0021307, whereby title of the Elliott Property was transferred from the RCG Trust to Rampage88, Inc. (hereinafter the "Quitclaim Deed").

13.     On January 18, 2022, the bankruptcy court entered an order dismissing the First Chapter 7 RCG Trust Proceeding and prohibiting the RCG Trust "from filing a case under any chapter of the Bankruptcy Code for a two-year period commencing from the date of entry of this order" (hereinafter the "First Dismissal Order").

14.     On January 25, 2022, Rampage88, Inc. (hereinafter "Rampage88"), filed with this Court a Chapter 7 petition (hereinafter the "Rampage88 Bankruptcy Proceeding") and Gerald H. Davis was duly appointed as the Chapter 7 trustee for the bankruptcy estate in In re Rampage88, Inc., U.S.B.C., S.D., Cal., Case No. 22-00128-LT7.

15.     On January 26, 2022, the RCG Trust filed another Chapter 7 petition, Case No. 22-00140-LA7 (hereinafter the "Second Chapter 7 RCG Trust Bankruptcy Proceeding").

16.     On February 1, 2022, the bankruptcy court entered its "Sua Sponte Order Dismissing Bankruptcy Case With Two-Year Bar to Re-Filing" in the Second Chapter 7 RCG Trust Bankruptcy Proceeding dismissing the bankruptcy proceeding with prejudice and prohibiting the RCG Trust "from filing a case under any chapter of the Bankruptcy Code for a two-year period commencing from the date of entry of this order ('Additional Bar Order')" (hereinafter the "Second Dismissal Order").

17.     In April 2022, Mr. Davis on behalf of the Rampage88 bankruptcy estate, RCG Trust and its related persons, and the secured creditors, entered into a Compromise Settlement Agreement ("Settlement Agreement"), which was approved by order entered on May 26, 2022, in

the First Chapter 7 RCG Trust Bankruptcy Proceeding, a true and correct copy of which is attached hereto as Exhibit "A."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 2, 2022, at San Diego, California.

/s/ Richard C. Norton

_____

Richard C. Norton

# Exhibit "A"

CSD 1001A [07/01/18]
Name, Address, Telephone No. & I.D. No.
Richard C. Norton, Esq.(Cal Bar. No 135024)
NORTON MOORE & ADAMS, LLP
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 233-8200
Facsimile: (619) 393-0461
Attorneys for Gerald H. Davis, Chapter 7 Trustee

**Order Entered on**
**May 26, 2022**
**by Clerk U.S. Bankruptcy Court**
**Southern District of California**

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

RAMPAGE88, INC.,

                                                    Debtor.

BANKRUPTCY NO. 22-00128-LT7

Date of Hearing:
Time of Hearing:
Name of Judge: Laura S. Taylor

## ORDER ON NONCONTESTED AMENDED NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING RE COMPROMISE SETTLEMENT AGREEMENT

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through 16 (sixteen) with exhibits, if any, for a total of 16(sixteen) pages, is granted. Motion/Application Docket Entry No. 46

//

//

//

//

//

DATED:    May 25, 2022

_____
Judge, United States Bankruptcy Court

Exhibit "A"

CSD 1001A [07/01/18]                                                                          Page **2** of **2**
ORDER ON NONCONTESTED AMENDED NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING RE
COMPROMISE SETTLEMENT AGREEMENT

DEBTOR: RAMPAGE88, INC.                                                          NO:22-00128-LT7

On May 4, 2022, the trustee served an Amended Notice of Intended Action and Opportunity for Hearing (the

"Notice") [Docket No. 46] regarding the Compromise Settlement Agreement on all necessary creditors and parties in

interest and filed said Notice on May 4, 2022. Over seventeen (17) days have elapsed from the service of the Notice and

no creditor or party in interest has served the trustee with an opposition to the Notice or otherwise requested a hearing.

After reviewing the Notice and the Declaration of Richard C. Norton filed in support of this Order, and determining

it is in the best interest of the creditors, and good cause appearing therefore,

IT IS ORDERED that the terms and conditions of the Compromise Settlement Agreement ("Agreement"), a true

and correct copy of which is attached hereto as Exhibit "1" and incorporated by this reference, are hereby approved.

IT IS FURTHER ORDERED that Gerald H. Davis, Trustee, is hereby authorized to undertake all actions he deems

necessary or desirable to comply with his duties under the Agreement and to consummate the settlement.

CSD 1001A

Exhibit "A"

Signed by Judge Laura Stuart Taylor May 25, 2022

# EXHIBIT "1"

# COMPROMISE SETTLEMENT AGREEMENT

This Compromise Settlement Agreement ("Agreement") is made and entered into by and among Gerald H. Davis, Chapter 7 trustee of <u>In re Rampage88, Inc.</u>, U.S.B.C., S.D., Cal., Case No. 22-00128-LT7, (hereinafter the "Trustee"), R. Creig Greaves, aka Creig Greaves, individually and as Trustee of the RCG Resolution Trust, dated June 5, 2018, Thaddeus Hermes, individually and as Trustee of the  RCG Resolution Trust, dated June 5, 2018, Rampage88, Inc., a California corporation, Ashley Greaves, Jacqueline C. Hallaian and The Baxter Hallaian Separate Property Trust, dated 9/10/2019, and Klaus Frederic (hereinafter collectively referred to as the "parties").

This Agreement between the parties is executed in connection with the following recitation of facts:

## RECITALS

(a)     On August 24, 2018, certain residential real property located at 3202 Elliott Street, San Diego, California, 92106 (hereinafter the "Elliott Property"), was acquired by R. Creig Greaves, Trustee of the RCG Resolution Trust dated June 5, 2018 (hereinafter the "RCG Trust").

(b)     On August 24, 2018, a Deed of Trust was recorded on the Elliott Property with the San Diego County Recorder's Office, Doc# 2018-0349315, to secure a promissory note in the principal amount of $600,000.00 ("Note") in favor of Baxter Hallaian and Jacqueline C. Hallaian, Trustees of the Baxter Hallaian Family Trust dated August 21, 1981 (hereinafter the "Hallaian Trust Deed").

(c)     On August 24, 2018, an Assignment of Deed of Trust was recorded with the San Diego County Recorder's Office as Doc. No. 2018-0349316 pursuant to which all right, title and interest under the Note and Hallaian Trust Deed was transferred to Baxter Hallaian & Brian Hallaian, trustees of the Baxter Hallaian Family Trust Dated August 21, 1981

(d)     On July 5, 2019, a Notice of Default and Election to Sell Under Deed of Trust was recorded with the San Diego County Recorder's Office, Doc # 2019-0267236, on the Elliott Property declaring a default under the Hallaian Trust Deed (hereinafter the "Hallaian Notice of Default").

(e)     On October 7, 2019, an Assignment of Deed of Trust was recorded with the San Diego County Recorder's Office as Doc. No. 2019-0444799 under which a one-third (1/3) interest under the Hallaian Trust Deed was transferred to Baxter Hallaian, as trustee of the Baxter Hallaian Separate Property Trust, dated 9/10/2019 with a 2/3 interest in the Note and Hallian Trust Deed remaining in The Baxter Hallaian Family Trust dated August 21, 1981.

(f)     On October 25, 2019, the RCG Trust filed with the U.S. Bankruptcy Court for the Southern District of California as Case No. 19-06444-LA11 a petition for relief pursuant to the provisions of Chapter 11 of Title 11, United States Bankruptcy Code (hereinafter the "RCG Trust Chapter 11 proceeding").

Exhibit "1"

Exhibit "A"

Signed by Judge Laura Stuart Taylor May 25, 2022

(g)     On January 17, 2020, the bankruptcy court entered an order dismissing the RCG Trust Chapter 11 Proceeding confirming "[i]n the Tentative Ruling, the Court granted the Motion to Dismiss, determining that the 'Debtor is ineligible to be a debtor in Ch. 11 per 11 USC 109 and 1112(b)."

(h)     On April 2, 2020, a Deed of Trust was recorded on the Elliott Property with the San Diego County Recorder's Office, Doc# 2020-0170266, to secure a promissory note in the principal amount of $221,000.00, in favor Klaus Frederic (hereinafter the "Frederic Trust Deed").

(i)     On May 14, 2021, a Notice of Default and Election to Sell Under Deed of Trust was recorded with the San Diego County Recorder's Office, Doc # 2021-0372870, on the Elliott Property declaring a default under the Frederic Trust Deed (hereinafter the "Frederic Notice of Default").

(j)     On July 16, 2021, an Assignment of Deed of Trust was recorded with the San Diego County Recorder's Office as Doc. No. 2021-0511002 under which an undivided 2/3rd's beneficial interest under the Hallaian Trust Deed was transferred from The Baxter Hallaian Family Trust dated August 21, 1981 to Jacqueline C. Hallaian.

(k)     On September 7, 2021, a Notice of Trustee's Sale Under Deed of Trust was recorded with the San Diego County Recorder's Office, Doc # 2021-0632640, on the Elliott Property by Klaus Frederic (hereinafter the "Frederic Notice of Trustee Sale").

(l)     On September 27, 2021, the RCG Trust filed with this Court a petition for relief pursuant to the provisions of Chapter 7 of Title 11, United States Bankruptcy Code, entitled In re RCG Resolution Trust, U.S.B.C., S.D., Cal., Case No. 21-03800-LA7 (hereinafter the "First Chapter 7 RCG Bankruptcy Proceeding").

(m)     On October 12, 2021, the RCG Trust listed the Elliott Property on its bankruptcy schedules filed in the First Chapter 7 RCG Bankruptcy Proceeding.

(n)     On January 11, 2022, Rampage88, Inc., was incorporated under the laws of the State of California (hereinafter "Rampage88").

(o)     On January 14, 2022, a Quitclaim Deed was recorded for zero consideration with the San Diego County Recorder's Office, Doc # 2022-0021307, whereby title of the Elliott Property was transferred from the RCG Trust to Rampage88, Inc. (hereinafter the "Quitclaim Deed").

(p)     On January 18, 2022, the bankruptcy court entered an order dismissing the First Chapter 7 RCG Trust Proceeding and prohibiting the RCG Trust "from filing a case under any chapter of the Bankruptcy Code for a two-year period commencing from the date of entry of this order" (hereinafter the "First Dismissal Order").

(q)     On January 25, 2022, the debtor herein, Rampage88, Inc. (hereinafter "Rampage88" or the "Debtor"), filed with this Court a petition, signed by Ashley Greaves, for relief pursuant to the provisions of Chapter 7 of Title 11, United States Bankruptcy Code (hereinafter the "Rampage88 Bankruptcy Proceeding").

Exhibit "1"

Exhibit "A"

Signed by Judge Laura Stuart Taylor May 25, 2022

(r)      Trustee, Gerald H. Davis, is the duly appointed Chapter 7 trustee for the bankruptcy estate in the bankruptcy proceeding entitled <u>In re Rampage88, Inc.</u>, U.S.B.C., S.D., Cal., Case No. 22-00128-LT7.

(s)      On January 26, 2022, the RCG Trust filed with this Court a petition for relief as Case No. 22-00140-LA7 pursuant to the provisions of Chapter 7 of Title 11, United States Bankruptcy Code (hereinafter the "Second Chapter 7 RCG Trust Bankruptcy Proceeding").

(t)      On February 1, 2022, the bankruptcy court entered its "Sua Sponte Order Dismissing Bankruptcy Case With Two-Year Bar to Re-Filing" in the Second Chapter 7 RCG Trust Bankruptcy Proceeding dismissing the bankruptcy proceeding with prejudice and prohibiting the RCG Trust "from filing a case under any chapter of the Bankruptcy Code for a two-year period commencing from the date of entry of this order ('Additional Bar Order')" (hereinafter the "Second Dismissal Order").

(u)      The parties desire to settle this dispute between them, subject to the terms and conditions hereinafter provided.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual covenants, agreements, release, and representations set forth herein, the parties hereby agree as follows:

1.          **Recitals Are Incorporated By Reference**.  It is expressly agreed that the above recitals are true and incorporated herein by reference and thereby made a part of this Agreement.

2.          **Trustee Shall Reopen Case and Annul Stay**.  Within seven (7) days after the entry of the court order approving this Agreement under Paragraph 9 below, the Trustee shall request the court to reopen the First Chapter 7 RCG Trust Bankruptcy Proceeding.  Within fourteen (14) days after entry of an order reopening the First Chapter 7 RCG Trust Bankruptcy Proceeding, the Trustee shall file a motion to annul the stay nunc pro tunc, to obtain an order which deems that the post-petition transfer of the Elliott Property from the RCG Trust to Rampage88, Inc., under the Quitclaim Deed was not in violation of the automatic stay under the Bankruptcy Code (the "Annulment Motion").  Unless due to the court's schedule for setting a hearing date for the Annulment Motion, in the event that the Court has not entered an order annulling the automatic stay in the First Chapter 7 RCG Bankruptcy Proceeding within forty (40) days after the Annulment Motion is filed, The Hallaian Trust Deed and the Frederic Trust Deed may proceed to enforce their respective remedies to foreclose upon and obtain possession of the Elliott Property in accordance with applicable nonbankruptcy law.

3.          **Trustee Shall Sell the Elliott Property Within Four (4) Months**.  Upon the entry of the court order approving this Agreement, the Trustee shall have the sole right to sell the Elliott Property.  The Trustee shall complete a sale of the Elliott Property within four (4) months after entry of the order annulling the automatic stay entered in the First Chapter 7 RCG Trust Bankruptcy Proceeding as described in Paragraph 2 above (hereinafter the "Sale Period"). The Hallaian Trust Deed, the Frederic Trust Deed and any additional valid liens and encumbrances recorded against the Elliott Property prior to the Rampage88 bankruptcy petition shall be paid in

Exhibit "1"

Exhibit "A"

Signed by Judge Laura Stuart Taylor May 25, 2022

full directly through an escrow opened for the sale of said property, with all remaining proceeds tendered to the Trustee for administration and distribution in accordance with the requirements of the Bankruptcy Code. The parties agree that the Trustee has the right to seek an order from the court to extend the Sale Period if he believes in good faith that such extra time is necessary and likely to result in completing the sale of the Elliott Property. Only the secured creditors hereto, The Hallaian Trust Deed and the Frederick Trust Deed, shall have the right to oppose the Trustee's request if they deem appropriate.

4.        **If Motions are not Timely Filed, Order are not Entered Timely or Property is Not Sold Within the Sale Period, the Stay is Lifted To Allow Foreclosure by Secured Creditors**. The parties hereto agree that the automatic stay in the Rampage88 case is lifted in order to allow the continuation or initiation of foreclosure proceeding under the Hallaian Trust Deed and/or the Frederic Trust Deed against the Elliott Property in the event the Trustee: (a) does not timely obtain an order approving this Agreement in the Rampage 88 chapter 7 Proceeding, (b) does not timely file the motions in the First Chapter 7 RCG Trust Bankruptcy Proceeding, (c) does not timely obtain the order annulling the automatic stay in the First chapter 7 RCG Bankruptcy Proceeding or (d) is unable to complete a sale of the property within the Sale Period. The order approving this Agreement shall include an in rem order under 362(d)(4) in favor of the Hallaian Trust Deed and the Frederic Trust Deed which terminates the automatic stay and which "shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court" in the event the Trustee is unable to complete a sale of the Elliott Property within the Sale Period.

5.        **All Foreclosure Efforts Shall be Held in Abeyance Until After the Sale Period**. Except as provided for in Paragraph 4 of this Agreement, all efforts to foreclose upon the Elliott Property under the Hallaian Trust Deed and/or the Frederic Trust Deed shall be held in abeyance until after the Sale Period, and any agreed upon or court ordered extension of said Sale Period, has expired if the Trustee has failed to sell the property during said time.

6.        **The RCG Trust and Rampage88 Will Refrain From Transferring the Property**. R. Creig Greaves, individually and as Trustee of the RCG Resolution Trust, dated June 5, 2018, Thaddeus Hermes, individually and as Trustee of the RCG Resolution Trust, dated June 5, 2018, Rampage88, Inc., a California corporation, Ashley Greaves (hereinafter collectively referred to as the "Greaves Related Parties"), agree to refrain from transferring any interest in the Elliott Property, which shall not be transferred by the Greaves Related Parties or any of them, in whole or in part, without the written permission from the Trustee, or order of the Bankruptcy Court.

7.        **The Greaves Related Parties Waive All Exemptions**. The Greaves Related Parties hereby agree to waive any and all right to claim or assert any exemption which may be applicable to the Elliott Property or the proceeds arising from sale of said property, under state or federal law.

8.        **Notices**. All notices, requests, consents, and other communications required or permitted under this Agreement shall be in writing and shall be personally delivered or delivered by email with a copy mailed by using first-class, registered, or certified mail, postage prepaid, or by facsimile, to the following email addresses and mailing addresses or to

COMPROMISE SETTLEMENT AGREEMENT.06

Exhibit "1"

Exhibit "A"

Signed by Judge Laura Stuart Taylor May 25, 2022

such other addresses as the parties hereto may designate in writing:

(a)  To Gerald H. Davis, Chapter 7 Trustee:
      c/o Richard C. Norton, Esq.
      Norton Moore & Adams, LLP
      501 West Broadway, Suite 800
      San Diego, CA 92101
      Richnor@aol.com

(b)  The Baxter Hallaian Separate Property Trust, dated 9/10/2019
      c/o James F. Lewin, Esq.
      The Mortgage Law Firm, PLC
      274555 Tierra Alta Way, Suite B
      Temecula, CA 92590
      James.Lewin@mtglawfirm.com

(c)  Jacqueline C. Hallaian
      c/o Robbin Oshita, Temporary Conservator of
      Jacqueline Hallaian's Estate and Person
      149 S. Barrington Ave Ste 840
      Los Angeles, CA 90049
      rko@fidservices.com

(d)  To Klaus Frederic:
      c/o Eric Alan Mitnick, Esq.
      Law Office of Eric Alan Mitnick
      21515 Hawthorne Boulevard, Suite 1030
      Torrance, CA 90503
      MitnickLaw@gmail.com

(e)  To Greaves Related Parties:
      c/o R. Creig Greaves, Esq.
      110 West C Street, Suite 2101
      San Diego, CA 92101
      creig@stopdebtlegal.sdcoxmail.com

The parties agree that any party to this Agreement that changes any of the above-described information shall immediately notify the other party to this Agreement of said changes, by email and regular US mail. All parties are required to utilize the new information regarding the above-described information for notice purposes of performing any and all obligations under this Agreement.

9.       **Bankruptcy Court Approval**. This Agreement is subject to the entry of an order of the United States Bankruptcy Court, Southern District of California, approving this Agreement, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. In the event

COMPROMISE SETTLEMENT AGREEMENT.06

Exhibit "1"

Exhibit "A"

Signed by Judge Laura Stuart Taylor May 25, 2022

that the Bankruptcy Court fails to approve this Agreement, it shall not be binding on the parties and the parties do not release or waive any claims, rights or causes of action they may otherwise possess, and any funds transferred under this Agreement shall be returned. In the event that the Court has not entered an Order approving this Agreement within thirty (30) days after the Motion for an Order Approving the Agreement is filed, the Hallaian Trust deed and the Frederic Trust Deed may proceed to enforce their respective remedies to foreclose upon and obtain possession of the Elliott Property in accordance with applicable nonbankruptcy law.

      10.       **Representation and Warranties**. Each of the parties to this Agreement represents, warrants and agrees as follows:

      a.       Creig Greaves, individually and as Trustee of the RCG Resolution Trust, dated June 5, 2018, Thaddeus Hermes, individually and as Trustee of the RCG Resolution Trust, dated June 5, 2018, Rampage88, Inc., a California corporation, an Ashley Greaves, individually and as President of Ramage88, Inc., each warrant and represent that since August 24, 2018, they have not transferred title to the Elliott Property under any other instrument not listed in the Recitals herein;

      b.       The Greaves Parties represent and warrant that Ashley Greaves is the duly elected President, Secretary, Treasurer, sole Director and sole shareholder of Rampage88.

      c.       Each party hereto represents that said party has received independent advice from his attorney and/or financial advisor with respect to the advisability of making the settlement provided for herein;

      d.       Each party or agent therefor has read this Agreement and understands the contents thereof;

      e.       Each of the individuals executing this Agreement on behalf of their respective parties possesses the power and authority to do so and thereby binds his or her respective parties; and

      f.       Each of the parties warrants and represents that she/he/it shall execute and deliver any and all instruments, agreements, documents, and other writings, including but not limited to dismissals, with or without prejudice, as referenced herein, and to perform all other acts reasonably necessary to effect the terms, conditions and purposes of this Agreement.

      11.       **Other Terms and Conditions**. Each of the Parties also agrees that:

      a.       This Agreement is binding upon and shall inure to the benefit of each of the parties hereto, and their respective parents, subsidiaries, affiliates, joint venturers, predecessors, successors, divisions, shareholders, directors, officers, employees, attorneys, agents, representatives, heirs and assigns;

      b.       Each of the parties hereto has cooperated and participated in the drafting and preparation of this Agreement. Accordingly, the parties acknowledge and agree that

Exhibit "A"

Signed by Judge Laura Stuart Taylor May 25, 2022

this Agreement shall not be construed or interpreted in favor of or against any party by virtue of the identity of its preparer;

c.    Except as otherwise provided in this Agreement, this Agreement is the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral or written agreements and discussions. This Agreement may be amended only by an agreement in writing, signed by all the parties;

d.    This Agreement and other terms provided for herein, are made, executed, given, and accepted as part of a compromise and settlement of disputed claims. No provision of this Agreement, or any acceptance of the benefits thereof, by or on behalf of any of the parties hereto, shall be construed or deemed to be evidence of any admission of facts, matter, thing or liability of any kind to any other party. Each of the parties hereto denies any liability of any kind to any other party for any purpose and this settlement is made solely and entirely as a compromise. Neither this Agreement nor any of the terms hereof shall be offered or received as evidence in any proceeding as an admission of liability or wrongdoing by any of the parties hereto;

e.    The Trustee shall be responsible for obtaining approval from the Bankruptcy Court in this bankruptcy proceeding of this Agreement, pursuant to Bankruptcy Rule 9019 and any other applicable statute or rule. Such court approval is a condition of this Agreement;

e.    The failure of a party to this Agreement to exercise any right or remedy under the Agreement, or by law, shall not be a waiver of any obligation or right of the parties hereto, nor constitute a modification of the Agreement, nor constitute a waiver of any other similar default;

f.    This Agreement and any dispute relating thereto shall be governed by applicable federal bankruptcy law, and otherwise by California law;

g.    Each party hereto shall bear their own costs and attorneys' fees incurred in connection with this Agreement; however, nothing in this Agreement preclude or prevents adding these costs and attorneys' fees to the amounts due under Hallaian Trust Deed or the Frederic Trust Deed in accordance with applicable law; and

i.    This Agreement may be executed in two or more counter-parts, each of which put together shall constitute one original document.

THIS COMPROMISE SETTLEMENT AGREEMENT is entered into on the last date below written and is effective as of said date.

Dated:  April 12, 2022

_____
Gerald H. Davis, Chapter 7 trustee of the
bankruptcy estate of Rampage88, Inc.

COMPROMISE SETTLEMENT AGREEMENT.06

7 | P a g e

Exhibit "1"

Exhibit "A"

Signed by Judge Laura Stuart Taylor May 25, 2022

Gerald H. Davis, Chapter 7 trustee of the
bankruptcy estate of Rampage88, Inc.

Dated: April 7, 2022

R. Creig Greaves aka Creig Greaves

Dated: April 6, 2022

Thaddeus Hermes

Dated: April 7, 2022

Ashley Greaves

RCG RESOLUTION TRUST, DATED
JUNE 5, 2018

Dated: April 7, 2022

By:
Creig Greaves, Trustee

RCG RESOLUTION TRUST, DATED
JUNE 5, 2018

Dated: April 6, 2022

By: Thaddeus Hermes
Thaddeus Hermes, Trustee

RAMPAGE88, INC. a California
corporation

Dated: April 7, 2022

By: Ashley Greaves
Ashley Greaves, President

JACQUELINE C. HALLAIAN

Dated: April___, 2022

By:
Robbin Oshita, Temporary Conservator

Exhibit "1"

Exhibit "A"

Signed by Judge Laura Stuart Taylor May 25, 2022

THE BAXTER HALLAIAN SEPARATE
PROPERTY TRUST, DATED 9/10/2019

Dated:  April /5, 2022                    By: _____

                                          Brian Hallaian, Trustee


Dated:  April___, 2022                    _____

                                          Klaus Frederic


APPROVED AS TO FORM:


                                          NORTON MOORE & ADAMS, LLP


Dated: April___, 2022                     By: _____
                                          Richard C. Norton, Esq.,
                                          Attorneys for Gerald H. Davis, Chapter 7
                                          trustee of the bankruptcy estate of
                                          Rampage88, Inc.


                                          LAW OFFICE OF ERIC ALAN MITNICK


Dated: April___, 2022                     By: _____
                                          Eric Alan Mitnick, Esq., Attorney for Klaus
                                          Frederic


                                          THE MORTGAGE LAW FIRM, PLC


Dated: April___, 2022                     By: _____
                                          James F. Lewin, Esq., Attorneys for The
                                          Baxter Hallaian Separate Property Trust,
                                          dated 9/10/2019


Dated: April___, 2022                     _____
                                          R. Creig Greaves, Esq., Attorney for
                                          Rampage88, Inc., and RCG Resolution
                                          Trust, dated June 5, 2018


COMPROMISE SETTLEMENT AGREEMENT.06                                    9 | P a g e

THE BAXTER HALLAIAN SEPARATE
PROPERTY TRUST, DATED 9/10/2019

Dated: April___, 2022

By: _____
       Brian Hallaian, Trustee

Dated: April 25, 2022

_____
Klaus Frederic

APPROVED AS TO FORM:

NORTON MOORE & ADAMS, LLP

Dated: April __, 2022

By: _____
Richard C. Norton, Esq.,
Attorneys for Gerald H. Davis, Chapter 7
trustee of the bankruptcy estate of
Rampage88, Inc.

LAW OFFICE OF ERIC ALAN MITNICK

Dated: April 25, 2022

By: _____
Eric Alan Mitnick, Esq., Attorney for Klaus
Frederic

THE MORTGAGE LAW FIRM, PLC

Dated: April___, 2022

By: _____
James F. Lewin, Esq., Attorneys for The
Baxter Hallaian Separate Property Trust,
dated 9/10/2019

Dated: April___, 2022

_____
R. Creig Greaves, Esq., Attorney for
Rampage88, Inc., and RCG Resolution
Trust, dated June 5, 2018

9 | P a g e

Exhibit "1"

Exhibit "A"

Signed by Judge Laura Stuart Taylor May 25, 2022

THE BAXTER HALLAIAN SEPARATE
PROPERTY TRUST, DATED 9/10/2019

Dated:  April___, 2022

By: _____
       Brian Hallaian, Trustee

Dated:  April___, 2022

_____

Klaus Frederic

APPROVED AS TO FORM:

NORTON MOORE & ADAMS, LLP

Dated: April 25 , 2022

By: _____
Richard C. Norton, Esq.,
Attorneys for Gerald H. Davis, Chapter 7
trustee of the bankruptcy estate of
Rampage88, Inc.

LAW OFFICE OF ERIC ALAN MITNICK

Dated: April___, 2022

By: _____
Eric Alan Mitnick, Esq., Attorney for Klaus
Frederic

THE MORTGAGE LAW FIRM, PLC

Dated: April 22 , 2022

By: _____
James H. Lewin, Esq., Attorneys for The
Baxter Hallaian Separate Property Trust,
dated 9/10/2019

Dated: April___, 2022

_____

R. Creig Greaves, Esq., Attorney for
Rampage88, Inc., and RCG Resolution
Trust, dated June 5, 2018

Exhibit "1"

Exhibit "A"

Signed by Judge Laura Stuart Taylor May 25, 2022

of Jacqueline Hallaian's Estate and
Person

THE BAXTER HALLAIAN SEPARATE
PROPERTY TRUST, DATED 9/10/2019

Dated:  April___, 2022

By: _____
    Brian Hallaian, Trustee


Dated:  April___, 2022

_____
Klaus Frederic


APPROVED AS TO FORM:

NORTON MOORE & ADAMS, LLP

Dated: April___, 2022

By: _____
Richard C. Norton, Esq.,
Attorneys for Gerald H. Davis, Chapter 7
trustee of the bankruptcy estate of
Rampage88, Inc.


LAW OFFICE OF ERIC ALAN MITNICK

Dated: April___, 2022

By: _____
Eric Alan Mitnick, Esq., Attorney for Klaus
Frederic


THE MORTGAGE LAW FIRM, PLC

Dated: April___, 2022

By: _____
James F. Lewin, Esq., Attorneys for The
Baxter Hallaian Separate Property Trust,
dated 9/10/2019


Dated: April___, 2022

_____
R. Creig Greaves, Esq., Attorney for

COMPROMISE SETTLEMENT AGREEMENT.06

9 | Page

Exhibit "A"

Signed by Judge Laura Stuart Taylor May 25, 2022

Rampage88, Inc., and RCG Resolution
Trust, dated June 5, 2018